C. E. LAWHEAD, *Receiver v.* R. A. BOOTH *et al.*

(No. 7942)

Submitted October 23, 1934. Decided October 30, 1934.

*Scott, Graham & Wiswell,* for appellant.
*McNeer & Delaney,* for appellee Elizabeth E. Keiffer.

LITZ, JUDGE:

This appeal involves the validity of the alleged assumption by Rebecca A. Booth (now deceased) of a debt which defendants, Zeffa Vest and E. C. Vest, owed defendant, Elizabeth E. Keiffer.

By deed dated April 14, 1928, Zeffa Vest and E. C. Vest, her husband, granted to Rebecca A. Booth, mother of Zeffa, lots 31 and 32 in block 48 of Center City, Cabell County, West Virginia, for the recited consideration of $8,500.00, consisting of obligations of that amount, owing by the Vests to third persons, assumed by the grantee, including a debt of $1,250.00 to Elizabeth E. Keiffer secured by second deed of trust on the property conveyed. By deed of like date and as part of the same transaction, Rebecca A. Booth and husband granted the property to Zeffa Vest for a recited consideration of $1.00. (The evidence discloses that there was in fact no consideration of any kind.) After the execution of the latter deed, and before its recordation, Zeffa struck out her own name as grantee and inserted the name of Bettie Dwiggins. Elizabeth E. Keiffer seeks to enforce the payment of her debt against the Vests from the estate of Rebecca A. Booth because of the alleged assumption thereof by her in the Vest deed.

Proof was taken to determine (1) whether Rebecca A. Booth was mentally competent to contract at the time of the execution of the contemporaneous deeds; (2) whether the deed from the Vests was delivered; and (3) whether the two deeds were executed for the purpose of hindering, delaying and defrauding Vests' creditors. Judgment was rendered against the estate of Rebecca A. Booth in favor of Elizabeth E. Keiffer for the full amount of her claim apparently because of affirmative findings upon these issues.

As the conveyance to Mrs. Booth and the re-conveyance by herself and husband constitute one transaction,

492

there is no consideration for her agreement to pay the debt to Elizabeth E. Keiffer who has no higher right than the Vests, through whom she claims. "The foundation of any right the third person (to whom the promisee is obligated) may have, whether he is a sole beneficiary or a creditor of the promisee, is the promisor's contract. Unless there is a valid contract, no rights can arise in favor of anyone. * * * Further, if there is a contract valid at law, but subject to some equitable defense—as fraud, mistake, or failure of consideration,—the defense may be set up against the third person. If the undertaking is to pay a debt or discharge a duty of the promisee, the rights of the third person can be derived only through the promisee, and whatever defense affects the latter affects the creditor." Williston on Contracts, sec. 394. The Vests being unable to enforce the contract, because it is without consideration, Elizabeth E. Keiffer for whom the promise was made cannot do so.

The judgment, complained of, is reversed and the answer of Elizabeth E. Keiffer in the nature of a cross-bill, against the estate of Rebecca A. Booth, deceased, dismissed.

*Reversed and dismissed.*